1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   YC INVESTORS 57, LLC,                    No.  2:14-cv-02637-JAM-AC

12                  Plaintiff,

13          v.                                ORDER AND

14   CHARIS ZOE,                              FINDINGS & RECOMMENDATIONS

15                  Defendant.

16

17          Plaintiff YC Investors 57, LLC commenced an unlawful detainer action in the Sacramento

18   County Superior Court at a date unspecified by defendant's notice of removal.  ECF No. 1 at 2.

19   Defendant removed this action on November 7, 2014, purportedly on the basis of subject matter

20   jurisdiction, along with a request to proceed in forma pauperis.  ECF Nos. 1 & 2.

21          Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), when a party seeks to proceed in forma

22   pauperis, the court shall dismiss the case if the court determines that the plaintiff fails to state a

23   claim upon which relief can be granted.  A plaintiff fails to state a claim when the court lacks

24   jurisdiction over the subject matter of the complaint.  See Fed. R. Civ. P. 12(b)(1).

25          Courts "strictly construe the removal statute against removal jurisdiction," and "the

26   defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980

27   F.2d 564, 566 (9th Cir. 1992).  Furthermore, "jurisdiction must be rejected if there is any doubt as

28   to the right of removal in the first instance."  Id.  Removal is proper only if the court could have

                                          1

1  exercised jurisdiction over the action had it originally been filed in federal court.  Caterpillar, Inc.

2  v. Williams, 482 U.S. 386, 392 (1987).  The "presence or absence of federal-question jurisdiction

3  is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists

4  only when a federal question is presented on the face of the plaintiff's properly pleaded

5  complaint."  Id.

6       Defendant does not attach a copy of the complaint filed by plaintiff in Sacramento

7  Superior Court.[1]  Defendant's notice of removal does, however, allege that plaintiff's complaint is

8  entitled "Complaint for Unlawful Detainer."  ECF No. 1 at 2.  Defendant also alleges that

9  plaintiff's complaint concerns property located at 6230 Greenhaven Dr. # 210, Sacramento,

10  California 95831, where he is a tenant.  Id. at 1.  Defendant argues that plaintiff's cause of action,

11  which he characterizes as seeking ejectment/eviction, is a federal cause of action that should have

12  been brought in federal court.  Id. at 4.  Defendant also argues that plaintiff's complaint

13  implicates his rights secured by the Civil Rights Act of 1968.  Id.  Defendant seems to be alleging

14  that he has a defense to plaintiff's unlawful detainer action based on racial discrimination.  Id. at

15  2, 4.  A complaint for unlawful detainer does not state a claim under federal law.  Further,

16  Defendant's argument that his constitutional rights are at issue by virtue of his defense to

17  plaintiff's action is not a proper basis for removal.

18       Removal cannot be based on a defense, counterclaim, cross-claim, or third-party claim

19  raising a federal question, whether filed in state or federal court.  See Vaden v. Discover Bank,

20  556 U.S. 49 (2009); Hunter v. Philip Morris USA, 582 F.3d 1039, 1042-43 (9th Cir. 2009); Metro

21  Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 327 (5th Cir. 1998); Preciado v. Ocwen

22  Loan Servicing, 2011 WL 977819, at *1 (C.D. Cal. Mar. 18, 2011); Fed. Nat'l Mortg. Ass'n. v.

23  Bridgeman, 2010 WL 5330499, at *4 (E.D. Cal. Dec. 20, 2010).  Defendant's notice of removal

24  indicates that plaintiff's only cause of action is for unlawful detainer, which arises under state law

25

26  [1] Defendant attempts to incorporate the record of his Sacramento Superior Court case by
reference.  ECF No. 1 at 4.  However, even if the court could theoretically consider the state court

27  record under the incorporation by reference doctrine, see Knievel v. ESPN, 393 F.3d 1068, 1076
(9th Cir. 2005), defendant has included a case number that does not correspond to any case in the

28  court's Public Case Access System, ECF No. 1 at 1.

1 | and not under federal law.  Thus, this action does not arise under federal law, and jurisdiction
2 | under 28 U.S.C. § 1331 does not exist.

3 |      Based on the foregoing, IT IS HEREBY ORDERED that defendant's motion to proceed
4 | in forma pauperis is granted; and

5 |      IT IS HEREBY RECOMMENDED that this action be remanded to the Sacramento
6 | County Superior Court.

7 |      These findings and recommendations are submitted to the United States District Judge
8 | assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
9 | after being served with these findings and recommendations, any party may file written
10 | objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a
11 | document should be captioned "Objections to Magistrate Judge's Findings and
12 | Recommendations."  Any response to the objections shall be filed with the court and served on all
13 | parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file
14 | objections within the specified time may waive the right to appeal the District Court's order.
15 | Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156–57
16 | (9th Cir. 1991).

17 | DATED: November 17, 2014

18
19 | ALLISON CLAIRE
   | UNITED STATES MAGISTRATE JUDGE

3